J-A20045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: L.H., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: E.H., III, FATHER | : | No. 449 MDA 2019 |

Appeal from the Dispositional Order Entered February 15, 2019
In the Court of Common Pleas of Northumberland County
Juvenile Division at No(s):  CP-49-DP-0000012-2019

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:    **FILED: AUGUST 19, 2019**

Appellant, E.H., III ("Father"), appeals from the order entered in the Northumberland County Court of Common Pleas, which adjudicated L.H. ("Child") a dependent child and placed him in the custody of the Northumberland County Children and Youth Services Agency ("Agency").  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.  Procedurally, on March 13, 2019, Father timely filed a notice of appeal with a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(a)(2)(i).

Father raises one issue for our review:

> WHETHER THE TRIAL COURT ERRED/ABUSED ITS DISCRETION IN DETERMINING THAT NORTHUMBERLAND CHILDREN AND YOUTH SERVICES ADEQUATELY INVESTIGATED POTENTIAL KINSHIP FOR THE NATURAL

FATHER AND THAT PLACEMENT WITH THE MATERNAL [GREAT] GRANDMOTHER WAS IN THE BEST INTEREST OF THE MINOR CHILD?

(Father's Brief at 6).

The applicable scope and standard of review for dependency cases is as follows:

[T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re A.B.*, 63 A.3d 345, 349 (Pa.Super. 2013) (quoting *In re R.J.T.*, 608 Pa. 9, 26-27, 9 A.3d 1179, 1190 (2010)).

We accord great weight to this function of the hearing judge because [the court] is in the position to observe and rule upon the credibility of the witnesses and the parties who appear before [the court]. Relying upon [the court's] unique posture, we will not overrule [its] findings if they are supported by competent evidence.

*In re A.H.*, 763 A.2d 873, 875 (Pa.Super. 2000) (quoting *In re B.B.*, 745 A.2d 620, 622 (Pa.Super. 1999)). *See also In re L.Z.*, 631 Pa. 343, 360, 111 A.3d 1164, 1174 (2015) (reiterating standard of review in dependency cases requires appellate court to accept trial court's findings of fact and credibility determinations if record supports them, but appellate court is not required to accept trial court's inferences or conclusions of law); *In re D.P.*, 972 A.2d 1221, 1225 (Pa.Super. 2009), *appeal denied*, 601 Pa. 702, 973 A.2d 1007 (2009) (stating applicable standard of review in dependency cases is

"abuse of discretion"). Further, in placement and custody cases involving dependent children:

> The trial court, not the appellate court, is charged with the responsibilities of evaluating credibility of the witnesses and resolving any conflicts in the testimony. In carrying out these responsibilities, the trial court is free to believe all, part, or none of the evidence. When the trial court's findings are supported by competent evidence of record, we will affirm even if the record could also support an opposite result.

*In re S.G.*, 922 A.2d 943, 947 (Pa.Super. 2007).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Hugh A. Jones, we conclude Father's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed April 8, 2019, at 2-3 unpaginated) (finding: law does not require court to place dependent child according to family member's desire to obtain custody; Agency need not consider all relatives or consider only certain relatives for placement of dependent child; in this case, both parents were given opportunity to suggest placement options; Mother did, but Father did not; Father proposed his sister as possible resource for Child just before shelter care hearing; Agency had not completed running clearances on members of sister's household or have opportunity to examine sister's home; Agency did not refuse to consider Father's sister, but Agency was concerned that Father was currently living with his sister in her home; Agency continued to investigate paternal family members as possible resources for Child;

Father's apparent grievance is that court did not place Child immediately in home of Father's sister; in any event, court was satisfied with Agency's family-finding efforts as of adjudicatory hearing and found Child was in appropriate placement; court's decision did not terminate ongoing family finding or preclude possibility of Child's future placement with Father's sister).  The record supports the court's dependency decision.  Accordingly, we affirm based on the trial court opinion.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2019

**IN THE COURT OF COMMON PLEAS
OF NORTHUMBERLAND COUNTY
COMMONWEALTH OF PENNSYLVANIA**

IN RE:                                                   :
                                                         :
L. H. ,                                                  : **Docket or File No. DP – 2019-12**
    **Minor Child**                   : **449-MDA 2019**


**OPINION**

Appellant, E.H.III, the natural father of minor child, L.H., appeals the Order of February 14, 2019 adjudicating the minor child dependent. In the Statement of Matters Complained of Appellant raises two issues. Appellant first maintains the court abused its discretion in its determination that Northumberland County Children and Youth Services adequately investigated Father's proposed kinship placement, and that the court erred in determining placement with the maternal great grandmother was in the child's best interest.

The minor child, L.H., was taken into custody on February 7,2019 by Northumberland County Children and Youth Services, (Agency). The Agency had contact with the family since 2016. Concerns were drug use by both parents, incarceration of the natural mother, P.A., and home conditions. On February 7,2019, the Agency went to the home which had been condemned. The home conditions were described as deplorable. The stove had previously caught on fire and there was no food for the minor child. Natural mother, P.A., tested positive for fentanyl and natural father, E.H., who was found to be in possession of fake urine, admitted to fentanyl use. Code enforcement found the home to be condemned.

A shelter care hearing was held on February 8, 2019, where both parents stipulated to the minor child remaining in the care of Northumberland County Children and Youth Services. The child was in an emergency kinship home with the maternal great grandmother.

The adjudication hearing was held on February 14, 2019. All parties were represented by counsel. Natural mother, P.A., participated by telephone due to incarceration. Natural mother, P.A., stipulated to the dependency. Natural father, E.H. III, and his counsel appeared to initially stipulate to dependency, but contested the placement of the child with the maternal great grandmother. They then contested the adjudication itself.

Caseworker, Lexus Turrisi, testified on behalf of the Agency. She testified she had been involved with the family since April 2018. She testified that on February 7, 2019 the family was living in a condemned home with no heat or running water. The Agency presented pictures to document the home conditions, which the Agency correctly described as "deplorable". The Agency proceeded to attempt to drug test both parents and at that time natural father, E.H.III, was found to possess fake urine and admitted to fentanyl use.

Ms. Turrisi testified that Mother agreed to go to the police station to talk to her because it was cold in the house. Father was asked to go to the police station, but declined. Ms. Turrisi testified that she asked Father to come discuss family supports for the child's placement. Father indicated he would come to the police station. The caseworker and the mother were at the police station for approximately three hours, but Father never showed up. Mother identified a number of family resources as well as the child's maternal great grandmother as an appropriate caregiver.

Juvenile courts must determine "whether the county agency has satisfied the requirements of Rule 1149 regarding family finding, and if not, ... why the requirements have not been met by the county agency" during each permanency review hearing. See Pa.R.J.C.P. 1608(D)(1)(h). The Rules further provide that any permanency review order must indicate whether the family finding efforts made by the county agency were reasonable. Pa.R.J.C.P. 1609(D)(1). If the family finding efforts were not reasonable, the court must order the county agency to engage in family finding prior to the next permanency review hearing. Pa.R.J.C.P. 1609(D)(2).

Rule 1149 imposes the following requirements with regard to family finding:

A. Court's inquiry and determination.

(1) The court shall inquire as to the efforts made by the county agency to comply with the family finding requirements pursuant to 62 P.S. § 1301 et seq.

(2) The court shall place its determinations on the record as to whether the county agency has reasonably engaged in family finding.

B. Discontinued family finding. Family finding may be discontinued only if, after a hearing, the court has made a specific determination that:

(1) continued family finding no longer serves the best interests of the child;

(2) continued family finding is a threat to the child's safety; or

(3) the child is in a preadoptive placement and the court proceedings to adopt the child have been commenced pursuant to 23 Pa.C.S.[A.] Part III (relating to adoption).

C. Resuming family finding. The county agency shall resume family finding when the court determines that resuming family finding:

(1) is best suited to the safety, protection and physical, mental, and moral welfare of the child; and

(2) does not pose a threat to the child's safety.

Pa.R.J.C.P. 1149.

The family finding law does not require the court to establish or promote a family member's desire to obtain custody. The law does not require children and youth services to consider all relatives or to only consider certain relatives. In the present case, Appellant was given the opportunity to participate in finding relatives able to care for the minor child on the night the child was placed with the Agency. Mother cooperated and provided names of relatives and indeed the child was placed with the maternal great grandmother. It was only prior to the shelter care hearing that Appellant provided the name of his sister as a possible resource. However, the Agency had not completed running clearances on the members of that household and had not had the opportunity to examine the home itself. The Agency did not say it would not do so, even though it was concerned that Father was now living in that home.

In conclusion, this court was satisfied by the family finding conducted by the Agency as of the time of the adjudicatory hearing. The child was in an appropriate kinship placement and the paternal family members were being investigated as resources for the minor child. Appellant's apparent grievance is that the child was not placed in his sister's home where he was then living. This court did not terminate ongoing family finding or preclude the possibility of the minor child's placement with the paternal sister in the future.

BY THE COURT:

Hugh A. Jones, Judge

cc:  Ann Targonski, Esquire
     Michael O'Donnell, Esquire
     Marc Lieberman, Esquire
     Cynthia Kerstetter, Esquire
     C & Y
     Court Administrator
     Court